UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Elaine Deloris Williams,  )  <br> )  <br>      Plaintiff,  )  <br> )  <br>v.  )  <br> )  <br>Carolyn Colvin,  )  <br>Acting Commissioner of Social Security,[1]  )  <br> )  <br>      Defendant.  )  <br>_____ ) | C/A No.: 6:11-2344-GRA-KFM  <br>  <br>**ORDER**  <br>(Written Opinion) |

This matter comes before the Court for a review of Magistrate Judge Kevin F. McDonald's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina and filed on February 4, 2013. Plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security, denying Plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. *See* ECF No. 1. Magistrate Judge McDonald recommends that the Commissioner's decision be affirmed because it is based upon substantial evidence and free of legal error. ECF No. 23. For the reasons stated herein, the Court adopts all portions of the Report and Recommendation except the section titled "Opinion Evidence", reverses the decision of the Commissioner, and remands for further action consistent with this opinion.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue as the defendant in this suit. No further action needs to be taken to continue this suit pursuant to the last sentence of Social Security Act § 205(g), 42 U.S.C. § 405(g) (2006).

Page 1 of 12

## Background

Plaintiff filed an application for disability insurance benefits ("DIB") on November 30, 2007.  She also filed an application for supplemental security income ("SSI") benefits on February 25, 2008.  The Commissioner denied both applications initially and on reconsideration.  Plaintiff requested a hearing, and following the hearing, on May 21, 2010, the administrative law judge ("ALJ"), found that Plaintiff was not under a disability as defined in the Social Security Act, as amended.  The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 30, 2011.  Plaintiff then filed this action for judicial review.

## Standard of Review

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id*.  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on February 22, 2013.  ECF No. 24.  Defendant filed a reply to Plaintiff's objections on March 7, 2013.  ECF No. 25.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir.1964). This standard precludes *de novo* review of the factual circumstances that substitute the court's findings for those of the Commissioner. *Vitek v. Finch,* 438 F.2d 1157, 1157 (4th Cir.1971). This Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir.1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek,* 438 F.2d at 1157–58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987).

**Discussion**

Plaintiff objects to two main areas of the Report and Recommendation: (1) the Magistrate Judge's findings regarding the ALJ's combined effect analysis and (2) the Magistrate Judge's finding that the ALJ complied with relevant law at step four of the sequential evaluation process.

**1.    Combination of Impairments**

Plaintiff first objects to the Magistrate Judge's findings regarding the ALJ's combined effect analysis. Specifically, Plaintiff asserts that the ALJ failed to adequately explain his combined effect analysis.

When dealing with a claimant with multiple impairments, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) (citing *Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985). This requires the ALJ to "adequately explain his or her evaluation of the combined effects of the impairments." *Id.* The ALJ's duty to consider the combined effects of a claimant's multiple impairments is not limited to one particular aspect of review, but is to continue "throughout the disability determination process." 20 C.F.R. § 404.1523.

Following the *Walker* decision, the Fourth Circuit has provided little elaboration on what constitutes an "adequate" combined effect analysis. However, other circuits have shown great deference to the Commissioner in addressing the same issue.[2] In

---

[2] *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) ("[T]he fact that each element of the record was discussed individually hardly suggests that the totality of the record was not considered, particularly in view of the fact that the ALJ specifically referred to 'a combination of impairments' in deciding that [the plaintiff] did not meet the 'listings.'"); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) ("After separately discussing [the plaintiff's] physical impairments, affective disorder, and complaints of pain, as well as her daily level of activities, the ALJ found that her impairments do not prevent [her] from performing her past relevant work. To require a more elaborate

an unpublished opinion decided after *Walker*, the Fourth Circuit seems to fall in line with these other circuits. *See Green v. Chater*, 64 F.3d 657, 1995 WL 478032 (4th Cir. 1995). In the opinion, the court found that the district court "correctly determined that the ALJ had adequately explained his evaluation of the combined effect of [the claimant's] impairments." *Id.* at *3. In reaching this conclusion, the court focused on the ALJ's conclusory statement that he had considered all of the claimant's impairments, both singularly and in combination and then noted evidence that was consistent with this conclusion. *Id.* This evidence consisted of (1) the ALJ's finding that the claimant's combination of impairments precluded heavy lifting; (2) the ALJ's listing and consideration of each of the alleged impairments; and (3) the ALJ'S finding that many of the claimant's symptoms were treatable. *Id.* Thus, this limited threshold for an "adequate" combined effect analysis suggests that "*Walker* was not meant to be used as a trap for the Commissioner." *Brown v. Astrue*, 0:10-cv-01584-RBH, 2012 WL 3716792, at *6 (D.S.C. Aug. 28, 2012). "Accordingly, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole that the ALJ considered the combined effect of a claimant's impairments." *Id.*

Here, the decision as a whole indicates that the ALJ performed an adequate combined effect analysis of Plaintiff's multiple impairments. As noted by the Magistrate Judge, the ALJ specifically recognized her duty to consider all of Plaintiff's impairments, both individually and in combination, at all steps of the evaluation process and said she considered them. Tr. 19–20, 22, ECF No. 13-2. Specifically,

---

articulation of the ALJ's thought processes would not be reasonable." (internal quotation marks omitted)); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) ("The ALJ's opinion addresses [the plaintiff's] various impairments, and we find nothing to suggest they were not properly considered.").

the ALJ stated that her determination that Plaintiff "has the residual functional capacity to perform less than the full range of light work" was made "[a]fter careful consideration of the *entire record.*" Tr. 22, ECF No. 13-2 (emphasis added). The ALJ goes on to state that she "has considered *all symptoms* and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." Tr. 22, ECF No. 13-2 (emphasis added). Moreover, rather than simply stating that she had considered all of Plaintiff's symptoms in combination, the ALJ pointed to specific medical evidence that she considered that took all of Plaintiff's symptoms into account. For instance, the ALJ stated that she gave "considerable weight to the opinions of the State medical consultants," who explicitly considered in their opinions all of Plaintiff's symptoms. *See* Tr. 239–40, 309–10, ECF No. 13-7. Furthermore, Plaintiff provides no further evidence that indicates that the objective medical findings considered by the ALJ do not adequately account for the effects of all of her impairments. Therefore, the Court finds that the combined effect of Plaintiff's impairments was properly evaluated under *Walker*.[3]

---

[3] Despite Plaintiff's contention that "the Magistrate ignored the staggering weight of case law" in this district, this holding is consistent with several recent rulings from this district. *See, e.g.*, *Simmons v. Astrue*, 9:11-02729-CMC-BM, 2013 WL 530471, at *5 n.7 (D.S.C. Feb. 11, 2013) (stating "when considering whether the ALJ properly considered the combined effect of impairments, the decision must be read as a whole"); *Brown v. Astrue*, 1:11-3245-JMC-SVH, 2013 WL 642189, at *9 (D.S.C. Jan. 31, 2013) (recognizing that "[r]ecently, courts in this District have been refining their interpretation of *Walker*."); *Glockner v. Astrue*, 0:11-955-CMC-PJG, 2012 WL 4092618, at *4 (D.S.C. Sept. 17, 2012) (finding "that the ALJ sufficiently discussed Plaintiff's alleged impairments and limitations to demonstrate that he considered Plaintiff's impairments in combination."); *Latten-Reinhardt v. Astrue*, 9:11-cv-00881-RBH, 2012 WL 4051852, at *5 (D.S.C. Sept. 13, 2012) (finding "the decision as a whole indicates that the ALJ performed an adequate combined effect analysis of Plaintiff's multiple impairments.); *Brown v. Astrue*, 0:10-cv-01584-RBH, 2012 WL 3716792, at *7 (D.S.C. Aug. 28, 2012) (same); *Robinson v. Astrue,* 2:10–cv–00185–DCN, 2011 WL 4368396, at *5 (D.S.C. Sept.19, 2011) ("The structure of the ALJ's analysis of plaintiff's conditions indicates that the ALJ did, in fact, consider the conditions in combination. This analysis places the facts of this case outside of the circumstances in *Walker v. Bowen.* While plaintiff states each alleged ailment again in her objection, she does not

**2.    Step Four Findings**

Plaintiff next objects to the Magistrate Judge's finding that the ALJ complied with relevant law at step four of the sequential evaluation process. Specifically, Plaintiff objects to the Magistrate Judge's finding that the ALJ complied with relevant law as to the issues of her subjective complaints of pain and the little weight given to Dr. Cary Fechter's opinion.

a.    *Subjective Complaints of Pain*

Plaintiff first contends that the Magistrate Judge erred in finding that the ALJ conducted the proper credibility assessment as to her subjective complaints of pain.

The Fourth Circuit Court of Appeals has stated that subjective complaints must be evaluated in two steps. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*; *see* SSR 96-7p, 1996 WL 374186 (July 2, 1996). After this threshold showing is made, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Craig*, 76 F.3d at 595; *see* SSR 96-7p, 1996 WL 374186 (July 2, 1996).

---

point to any medical evidence which could demonstrate that the ALJ's analysis was not supported by substantial evidence. Though a more thorough analysis may be required in some cases, plaintiff fails to demonstrate how any additional discussion would have produced a different result. Thus, it appears that the ALJ did not err, and if he did, the error was harmless."); *Thornsberry v. Astrue,* 4:08–cv–04075–HMH, 2010 WL 146483, at *5 (D.S.C. Jan.12, 2010) ("Accordingly, the court finds that while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments. Any error on the part of the ALJ in failing to use explicit language is harmless."); *Ingram v. Astrue,* 3:07–cv–00823–GRA, 2008 WL 3823859, at *2 (D.S.C. Aug.12, 2008) ("[T]he ALJ's separate discussion of each of Plaintiff's impairments *indicates* that he considered them 'in combination.' This Court finds that such an explanation is adequate." (emphasis added)).

In assessing the credibility of a claimant's subjective complaints of pain, an ALJ may make a negative determination about a claimant's credibility and choose to give little weight to the complaints. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). However, the ALJ has a "duty of explanation" and is required to "refer specifically to the evidence informing the ALJ's conclusion." *Id.* Subjective complaints of pain "may not be disregarded *solely* because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186 (July 2, 1996). Nonetheless, while claimants are allowed to rely exclusively on subjective evidence to prove the second part of the test, a claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." *Craig*, 76 F.3d at 595

Here, the ALJ accepted that Plaintiff's impairments could reasonably have been expected to cause some of her alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible because they were inconsistent with the available evidence. Tr. 24, ECF No. 13-2. After first noting that Plaintiff has complained of pain in her lower back and legs to doctors and at the hearing, the ALJ goes on in her decision to point to specific medical evidence that indicates that Plaintiff's pain is less severe than she has stated. *See id.* at 23.

With regard to Plaintiff's alleged knee pain, the ALJ noted that the "minor" treatment Plaintiff had received was not indicative of a disabling condition. *Id.* at 25.

Specifically, the ALJ found that the fact that Plaintiff had only been "prescribed over-the-counter Tylenol and Ibuprofen" for her knee pain and had "not regularly taken any arthritis medications or narcotic pain medications for her knee problems" implied that her pain was "not as limiting as she described at the hearing." *Id.* Moreover, the ALJ stated that the medical evidence contained "no medical imaging of the claimant's knees" and that Dr. Kerri A. Kolehma's examination of Plaintiff indicated that both of her knees "had the full range of motion." The ALJ also discredited Plaintiff's subjective complaints of knee pain because she failed to follow her prescribed treatment and take medications as directed and because she consistently refused to follow her doctor's recommendations to lose weight, and actually gained weight. *Id.* at 25–26.

With regard to Plaintiff's alleged back pain, the ALJ found that even though Plaintiff rated her pain at a ten on a scale of one to ten, this statement was inconsistent with the medical evidence. *Id.* at 26. Again, the ALJ found that because Plaintiff's back pain was relieved by "over-the-counter Tylenol" and lying or sitting down rather than by narcotic pain medications, her back pain was not as limiting as Plaintiff described. *Id.* The ALJ also noted that the medical evidence contained "no medical imaging of the claimant's back," which was further indication of Plaintiff's less severe back pain. Furthermore, despite being told that losing weight would help her back pain, Plaintiff did not lose any weight.

Therefore, the Court finds that the ALJ conducted a proper analysis in determining the credibility of Plaintiff's subjective complaints of pain by fully

explaining her decision and citing relevant evidence, and the ALJ's decision is supported by substantial evidence. As such, Plaintiff's objection is overruled.

      b.    *Dr. Cary Fechter's Opinion*

Plaintiff next objects that the Magistrate Judge's finding that the ALJ complied with the relevant law when giving little weight to Dr. Cary Fechter's opinion.

Under the regulations, an ALJ is required to consider all of the medical opinions in a case together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). However, a treating physician's opinion is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). When controlling weight is not accorded to the treating physician's opinion, the ALJ must evaluate and weigh the opinion "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). The ALJ has discretion to give less weight to a treating physician's opinion only "in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Moreover, the ALJ's decision "must contain specific reasons for the weight given to the treating [physician's] medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the

adjudicator gave to the treating [physician's] medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

Here, the ALJ reviewed the medical opinion of Dr. Cary Fechter, opinion and stated:

> Dr. Fechter concluded that the claimant was able to sit for two hours, stand for one hour, and walk for twenty minutes at most in an eight-hour workday. He also concluded that the claimant could never lift or carry up to ten pounds. Dr. Fechter determined that the claimant could never perform any postural acts. He stated that the claimant must avoid hazards. He believed that the claimant would need periodic, unscheduled breaks during a workday. Dr. Fechter concluded that the claimant would not be able to work on a regular schedule, and would require more than four days of absences per month.

Tr. 26–27, ECF No. 13-2. The ALJ then found that Dr. Fechter's opinion was entitled to "little weight" because it was "inconsistent with the weight of the medical evidence of record." *Id.* at 27. In her objections, Plaintiff states that the problem with the ALJ's finding as it relates to Dr. Fechter's opinion is that the ALJ does not explain how the "opinion is supposedly inconsistent with the rest of the record." ECF No. 24.

The Court agrees. The ALJ's explanation of the weight she gave to Dr. Fechter's opinion does not reach the level of specificity required under SSR 96-2p. While the ALJ concluded that Dr. Fechter's opinion is entitled to "little weight," she did not provide clear reasons for discounting the physician's opinion. Tr. 27, ECF No. 13-2. The ALJ's conclusory reason that Dr. Fechter's opinion is "inconsistent with the weight of the medical evidence of record" is insufficient. Even though the Magistrate Judge and the Commissioner's reply mention a number of pieces of evidence that the ALJ may have considered such as the Plaintiff's conservative treatment, the Court cannot accept post-hoc rationalizations not contained within the ALJ's decision. As

such, the Court cannot say that the ALJ's decision to give "little weight" to Dr. Fechter's opinion is supported by substantial evidence.

Accordingly, the Court reverses and remands the Commissioner's decision for further proceedings to properly consider and discuss Dr. Cary Fechter's opinion.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g) and that the case is REMANDED to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 8, 2013
Anderson, South Carolina